**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Wilmington Savings Society, FSB

   v.                                        Case No. 21-cv-590-JL

Qiayra Randolph, Selena Randolph,
and Xzavier Randolph

**REPORT AND RECOMMENDATION**

The defendants, proceeding pro se and in forma pauperis, removed this eviction proceeding from the New Hampshire Circuit Court, 7th Circuit, District Division, Rochester ("Rochester District Court"). Before the court for preliminary review is the defendants' Notice of Removal. (Doc. No. 1). See LR4.3(d)(2); 28 U.S.C. § 1447(c).

**Subject Matter Jurisdiction**

A removed case must be remanded to state court if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). As relevant here, subject matter jurisdiction can arise in two ways. Federal courts have federal question jurisdiction when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction under 28 U.S.C. § 1332(a) when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a). In

the context of disputes over removal jurisdiction, it is the removing defendant's burden to show that removal was proper. See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008); see also Acosta–Ramirez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013). "Furthermore, the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v. AstraZeneca PLC (In re Pharm. Indus. Average Wholesale Price Litig.), 431 F.Supp.2d 109, 116 (D. Mass. 2006).

## Discussion

Although their Notice of Removal is often difficult to follow and laden with largely irrelevant legal jargon, the defendants assert that there is both federal question and diversity jurisdiction. Notice of Removal (Doc. No. 1) ¶ 1. The court therefore addresses both potential avenues of subject matter jurisdiction.

A. Diversity Jurisdiction

Federal courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and the action is between "citizens of different states." 28 U.S.C. § 1332(a). Here, however, there appears to be no amount in controversy. The state court Writ served upon the defendants makes clear that the

2

plaintiff seeks only possession of the property, but seeks no monetary damages, such as unpaid rent. Writ (Doc. No. 1-1) at 1. In support of removal, the defendants assert a litany of monetary damages in a list of counterclaims, see Notice of Removal (Doc. No. 1) at 6. But judges in this district, including the undersigned, have found in nearly identical circumstances that such counterclaims cannot be considered when determining the amount in controversy for purposes of diversity jurisdiction. See Madhu Estates, LLC v. Tompson, No. 18-cv-555-PB, 2018 WL 3997116, at *2-*3 (D.N.H. Aug. 7. 2018), R&R approved, 2018 WL 4921540 (D.N.H. Sept. 27, 2018); see also, Fed. Nat'l Mortg. Ass'n v. Tompson, No. 17-cv-699-SM, 2018 WL 2426638, at *2-*4 (D.N.H. May 21, 2018) (and cases cited therein).

Accordingly, the court finds that the defendants have failed to establish diversity jurisdiction.

B.  Federal Question Jurisdiction

The defendants tacitly acknowledge that the state eviction proceeding is based on state law. As best as the court can determine from the Notice of Removal, the defendants claim that they have several defenses to eviction that implicate federal statutory or constitutional law. See, e.g., Notice of Removal (Doc. No. 1) at 2 (citing federal lending and housing agencies and statutes applicable to mortgages); id. at 30 (referring to

3

landlord-tenant proceedings as violative of substantive due process).

Under the well-pleaded complaint rule, however, the "'plaintiff is master of his complaint,'" and "'a case cannot be removed if the complaint's allegations are premised only on local law.'" López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (citation omitted); see also Vaden v. Discover Bank, 556 U.S. 49, 54 (2009) (federal court jurisdiction "cannot be invoked on the basis of a defense or counterclaim"); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987) (case cannot be removed to federal court on basis of federal defense).

This case, filed initially in Rochester District Court, is an eviction proceeding arising entirely under New Hampshire law. There is no federal claim in the landlord-tenant action that could provide grounds for exercising federal question jurisdiction over this matter. See Tompson, 2018 WL 2426638, at *3. Nor have the defendants indicated that resolution of plaintiff's landlord-tenant claim would require the court to address an "embedded question of federal law that is both substantial and disputed." R.I. Fishermen's All., Inc. v. R.I. Dep't Of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009). Accordingly, the court finds that the defendants have failed to establish federal question jurisdiction.

## Conclusion

For the foregoing reasons, the district judge should remand this action to the Rochester District Court because this court lacks subject matter jurisdiction over the plaintiff's claims. In addition, the district judge should deny defendants' demand for jury trial (Doc. No. 3) and plaintiff's motion to remand (Doc. No. 4) as moot.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 16, 2021

cc:  All parties and counsel of record